UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CLIFFORD WAYNE MILLER,<br>Petitioner,<br>v.<br>STATE OF NEVADA, *et al.*,<br>Respondents. | Case No. 3:19-cv-00673-MMD-WGC<br>ORDER |

## I. SUMMARY

This habeas matter is before the Court on Petitioner Clifford Miller's application to proceed *in forma pauperis* ("IFP") (ECF No. 3) and motion for appointment of counsel (ECF No. 4). For the reasons discussed below, the Court denies the IFP application and motion for appointed counsel and directs Petitioner to pay the filing fee within 30 days.

## II. IFP APPLICATION

Pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice, any person who is unable to prepay the fees in a civil case may request permission to proceed IFP. Indigent prisoners who do not have the money to pay the $5 filing fee for a § 2254 habeas petition may apply for IFP status. A prisoner's IFP application must be submitted on the form provided by the court and include specific financial documents. 28 U.S.C. § 1915; LSR 1-1, LSR 1-2.

After considering the IFP application, the Court finds that Petitioner is able to pay the $5 filing fee. In particular, the Court notes that Petitioner's financial certificate states that he has a current balance of $2,881.52 in his inmate trust account and he receives average monthly deposits of $443.32. (ECF No. 3 at 5.) The IFP application will therefore be denied. Petitioner will have 30 days from the date of this order to have the $5 filing fee

sent to the Clerk of Court.

## III. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner seeks the appointment of counsel to assist him in this habeas proceeding. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). However, an indigent petitioner seeking relief under 28 U.S.C. § 2254 may request the appointment of counsel to pursue that relief.[1] 18 U.S.C. § 3006A(a)(2)(B). The court has discretion to appoint counsel when the interests of justice so require. 18 U.S.C. § 3006A(a)(2). The interests of justice so require "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). In the absence of such circumstances, a request for counsel in a § 2254 proceeding is addressed to the sound discretion of the district court. *Id*. (citing *Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962)). When a habeas petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, no attorney is legally required. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

Petitioner's motion, submitted on a prison form, argues that the complexities of the issues in relation to his lengthy sentence implicate a need for counsel to promote fairness and justice. (ECF No. 4.) He asserts that he is unable to afford counsel and his incarceration will impede his ability to pursue his habeas claims. Counsel would assist Petitioner in presenting substantive and procedural issues and ease the Court's task of discerning the issues. The motion indicates that additional facts are attached to the form in support of Petitioner's request; however, nothing was submitted with the motion.

Here, Petitioner has not established that the interests of justice require the appointment of counsel. Petitioner's petition states multiple cognizable grounds for relief.

---

[1]An "indigent" petitioner is a person "who is too poor to hire a lawyer and who, upon indictment, becomes eligible to receive aid from a court-appointed attorney and a waiver of court costs." Black's Law Dictionary (10th ed. 2014).

Based on the state appellate record and the petition, the Court finds that the facts alleged and legal issues raised are not especially complex. Since commencing this habeas action, Petitioner has submitted multiple filings and has demonstrated sufficient ability to write and articulate his claims. Although Petitioner's lengthy sentence might weigh in favor of counsel, he has not substantiated the bare allegation that the substantive and procedural issues in this case are too complex for his comprehension and abilities. He does not allege that any medical or mental health condition affect his ability to represent himself. As to discovery, the Court's review of a 28 U.S.C. § 2254 petition is generally limited to the record that was before the state courts. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). At this juncture the Court cannot determine whether circumstances exist in this case that would nonetheless justify a grant of discovery, and the Court will not appoint counsel based on a speculative possibility of discovery. In addition, the Court has denied Petitioner's IFP application because he has the ability to pay the filing fee. Thus, he has not demonstrated indigency as required for appointment of counsel. In sum, Petitioner has not shown that denial of counsel would violate due process, and the motion is denied.

## IV. CONCLUSION

It is therefore ordered that Petitioner's application to proceed *in forma pauperis* (ECF No. 3) and motion for appointment of counsel (ECF No. 4) are denied.

It is further ordered that Petitioner must pay the $5 filing fee within 30 days of the date of this order.

It is further ordered that the Clerk of Court is directed to mail Petitioner *two* copies of this order. Petitioner must make the necessary arrangements to have a copy of this order attached to the check for the filing fee.

///

///

///

///

///

Finally, it is further ordered that Petitioner's failure to timely comply with this order will result in the dismissal of this action without further advance notice.

DATED THIS 21st day of November 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE