UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CLIFFORD WAYNE MILLER,<br><br>      Petitioner,<br>  v.<br><br>STATE OF NEVADA, *et al.*,<br><br>      Respondents. | Case No. 3:19-cv-00673-MMD-WGC<br><br>ORDER |

**I. SUMMARY**

This habeas matter is before the Court for an initial review under the Rules Governing Section 2254 Cases of Petitioner Clifford Miller's petition for writ of habeas corpus (ECF No. 1-1) pursuant to 28 U.S.C. § 2254.[1] For the reasons discussed below, the Court directs Petitioner to file an amended petition and show cause in writing why certain claims should not be dismissed as unexhausted.

**II. BACKGROUND**[2]

Petitioner, a *pro se* Nevada state prisoner, initiated this case on November 7, 2019, by filing the petition, which challenges a 2006 conviction and sentence imposed by the Sixth Judicial District Court for Humboldt County ("state court"). The state court entered a judgment of conviction, pursuant to a jury verdict, on two counts of first-degree murder

---

[1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2]In addition to the materials attached to the petition, the Court takes judicial notice of the online docket records of the Nevada Supreme Court, which may be accessed by the public online through the Appellate Case Management System. NEVADA APPELLATE COURTS, http://caseinfo.nvsupremecourt.us/public/caseSearch.do (last visited Nov. 21, 2019).

with use of a deadly weapon and sentenced Petitioner to two consecutive life sentences without the possibility of parole. The Nevada Supreme Court affirmed the conviction on direct appeal in February 2009.[3]

In January 2010, Petitioner filed a state petition for writ of habeas corpus ("state petition") seeking post-conviction relief. Following an evidentiary hearing, the state petition was denied. Petitioner appealed. The Nevada Supreme Court affirmed the state court's denial of relief in October 2019 ("PCR appeal").

### III.    ORDER TO AMEND PETITION AND SHOW CAUSE

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Courts may dismiss claims at screening for procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Here, Petitioner has not properly commenced this action as the petition is subject to multiple substantial defects. First, Petitioner's hand-written petition is not sufficiently legible or organized to enable the Court or any opposing party to fully understand it. *See* LR IA 10-1(a)(2) ("Handwriting must be legible…."). Some of the writing is too small to read because Petitioner attempted to fit a large amount of information in a small space or wrote in between the lines. The Court accepts handwritten documents and pleadings, but they must be neatly written to allow the Court and opposing parties to easily read and understand the content. Illegible or unintelligible filings may be stricken from the Court's docket without prejudice to resubmitting clear and readable filings. *See* LR IA 10-1(d).

---

[3]Petitioner was charged by information in June 1999. A jury returned a verdict of guilty in August 2001; however, the conviction was overturned on direct appeal. *See Miller v. State of Nevada*, Case No. 38802 (Nev. Feb. 18, 2004), order of reversal and remand. The case was reversed and remanded to the district court for a new trial. A second trial resulted in the 2006 judgment of conviction challenged in Petitioner's petition.

2

Although there "is no rule regarding the precise manner in which claims must be organized in a federal habeas petition," a petitioner may be directed to better organize his claims in an amended petition where the initial organization of the claims is especially confusing, rendering unclear what claims the petitioner means to assert. *See Homick v. Baker*, No. 3:99-cv-0299-PMP, 2012 WL 5304781, at *1 (D. Nev. Oct. 25, 2012). It appears that multiple grounds in Petitioner's petition alleging ineffective assistance of counsel ("IAC") may be duplicates. (ECF No. 1-1, *compare* Grounds 1–2 *with* Grounds 17–20.) Petitioner is thus directed to file an amended petition within 30 days of this order that is (i) either type-written or hand-written in a more legible fashion, and (ii) sufficiently organized to avoid duplicative claims and allow for proper screening.

Second, Petitioner has erroneously named the State of Nevada as the respondent. That is incorrect. Rule 2(a) states that, when a petitioner is "in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."[4] Failure to name the proper respondent strips the district court of personal jurisdiction. *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). As such, an amended petition must name the correct respondent.

Third, Petitioner has not alleged or demonstrated that he fully exhausted his state court remedies for each claim. Pursuant to 28 U.S.C. § 2254(b)(1)(A), a state prisoner seeking habeas corpus relief in federal court must first exhaust available state court remedies before presenting his claims in the federal court. The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To satisfy the exhaustion requirement, a petitioner must fully and fairly present his claims to the state courts. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). A claim must be raised through one

---

[4]This is typically the warden of the prison or detention facility. However, the Court expresses no opinion as to the proper respondent in this context. *Cf.* Habeas Rule 2(b), Advisory Committee Note to 1976 Adoption.

complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). In the state courts, the petitioner must refer to the specific federal constitutional guarantee he believes has been violated, and he must state the facts that he claims entitle him to relief on the federal constitutional claim. *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000). Fair presentation requires the petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

Based on the Nevada Supreme Court's appellate decisions, of which the Court takes judicial notices, it appears likely that Petitioner's petition is partially unexhausted and subject to partial dismissal without prejudice.

In Ground 3, Petitioner alleges prosecutorial misconduct because the prosecutor purportedly inflamed the passions of the jury, improperly used of the word "murder," and elicited confusing and irrelevant expert testimony. (ECF No. 1-1 at 9–11.) The statement of exhaustion indicates he did not raise this claim in the direct appeal or PCR appeal. (*Id.* at 11.) A review of the Nevada Supreme Court's appellate decisions also suggests this claim was not presented through one full round of either direct appeal or collateral proceedings.

In Grounds 17–20, Petitioner alleges various IAC claims. (*Id.* at 42–55.) The statements of exhaustion for each claim represents that they were raised on direct appeal. However, the Nevada Supreme Court's February 2009 decision does not support Petitioner's assertion.[5] He further represents that certain IAC claims were (i) raised in his

---

[5] The Court notes that, under Nevada law, IAC claims must be presented in post-conviction proceedings—not on direct appeal. *E.g.*, *Alotaibi v. State*, 133 Nev. 650, 651, 404 P.3d 761, 763 (2017) (noting that "claims of ineffective assistance of counsel generally should be raised in postconviction proceedings in the district court," and therefore declining to consider the argument in the first instance); *Jeffries v. State*, 133 Nev. 331, 335, 397 P.3d 21, 26 (2017) (declining to address ineffective assistance of counsel claim as it "was inappropriately raised for the first time on direct appeal").

4

PCR appeal, (ii) *not* raised in his PCR appeal, or (iii) he fails to indicate whether a claim was raised in his PCR appeal. As previously explained, certain IAC claims also appear to be duplicates. Certain claims appear to mix IAC allegations presented in his PCR appeal with new allegations.

In Grounds 23–25, Petitioner challenges jury instructions 13, 21, and 24. (*Id.* at 62–67.) Although Petitioner asserts that these claims were raised on direct appeal, the Nevada Supreme Court's decision demonstrates otherwise, and Petitioner acknowledges they were not raised in his PCR appeal.

Lastly, in Ground 26, Petitioner alleges a substantive claim that the jury was not properly instructed during the penalty phase that he did not need to express remorse. (*Id.* at 68–69.) Despite the statement of exhaustion on direct appeal, the Nevada Supreme Court's decision does not support Petitioner's assertion. He acknowledges that this claim was not raised in his PCR appeal; however, he did raise a companion IAC claim based on the same underlying facts. It appears that his substantive claim in unexhausted.

Given these multiple pleading defects, Petitioner will be required to amend his petition and show cause why Grounds 3, 17, 18, 19, 20, 23, 24, 25, and 26 should not be dismissed because of his failure to exhaust such claims.

If Petitioner chooses to file an amended petition, he must do so within 30 days of the date of this order. The amended petition should set forth the claims in short and plain terms, simply, concisely, and directly. This means that Petitioner should avoid legal argument and conclusions as well as excessive citations to case law. Instead, he should summarize the information he believes to be relevant in his own words for each claim asserted. Exhibits are not a substitute for a proper petition. Petitioner should specifically identify what constitutional right he believes was violated for each claim.

Additionally, Petitioner is informed that he cannot refer to a prior pleading (*i.e.*, the original petition) in order to make an amended petition complete. *See* LR 15-1(a); *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (as a general rule, an amended pleading supersedes the original). Therefore, any amended petition must re-

allege all claims for relief. Any claims that Petitioner does not re-allege will be waived. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IV.  CONCLUSION**

It is therefore ordered that within 30 days of the date of this order, Petitioner must file (i) an amended petition that corrects the noted deficiencies, *and* (ii) a factually detailed "response to order to show cause," showing cause why Grounds 3, 17, 18, 19, 20, 23, 24, 25, and 26 should not be dismissed without prejudice because of Petitioner's failure to exhaust such claims.

It is further ordered that Petitioner must clearly title the amended petition as such by writing the words "FIRST AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on the first page, and including 3:19-cv-0673-MMD-WGC in the space for the case number ("CASE NO.").

It is further ordered that Petitioner at all times remains responsible for calculating the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims. By ordering Petitioner to amend his petition, the Court makes no finding or representation that either the original or amended petition will be considered timely.

It is further ordered that the Clerk of Court will mail Petitioner two blank copies of the form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with instructions.

Finally, it is further ordered that if Petitioner does not timely and fully respond to this order by filing an amended petition *and* a response to the order to show cause, this action will be dismissed without prejudice and without further advance notice.

DATED THIS 21st day of November 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE