UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| CLIFFORD WAYNE MILLER, | Case No. 3:19-cv-00673-MMD-WGC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Respondents. | |

This habeas matter is before the Court on Petitioner Clifford Wayne Miller's renewed motion for appointment of counsel. (ECF No. 11.) For the reasons discussed below, the Court grants the motion and provisionally appoints the Federal Public Defender.

**I.    BACKGROUND**

Miller challenges a 2006 conviction imposed by the Sixth Judicial District Court for Humboldt County ("state court") pursuant to a jury verdict on two counts of first-degree murder with use of a deadly weapon for the death of his estranged wife and her boyfriend. In May 1999, police responded to shots fired at an apartment building in Winnemucca, Nevada. They found Miller outside the apartment building suffering from a self-inflicted gunshot wound to the head and the decedents' bodies were inside the apartment.[1] In spite of Miller's apparent suicide attempt, he was found competent to stand trial. The state court entered a judgment of conviction and sentenced Miller to two consecutive life sentences without the possibility of parole.[2]

---

[1]The Court takes judicial notice of the online docket records of the Nevada Supreme Court and Court of Appeals, which may be accessed by the public online at http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

[2]Miller was charged by information in June 1999. A jury returned a verdict of guilty

Miller initiated this case on November 7, 2019, by filing a petition for writ of habeas corpus (ECF No. 1-1) under 28 U.S.C. § 2254. On November 21, 2019, the Court issued an order to show cause ("OSC") (ECF No. 6) directing Miller to file an amended petition and to show cause in writing within 30 days why certain claims should not be dismissed as unexhausted. The OSC found that amendment was necessary because the original petition was illegible, unorganized, and contained duplicative claims. (*Id.* at 2–3.) In addition, Miller's statements of exhaustion were incomplete, internally inconsistent, and incorrect. (*Id.* at 4–5.) Thus, the OSC specifically ordered Miller to file "a factually detailed 'response to order to show cause,' showing cause why Grounds 3, 17, 18, 19, 20, 23, 24, 25, and 26 should not be dismissed without prejudice because of Miller's failure to exhaust such claims." (*Id.* at 6.)

The Court also denied Miller's first request for appointed counsel in a separate order. (ECF No. 5.) This motion indicated that additional facts supporting Miller's request were attached to the form; however, nothing was attached. The Court found that Miller showed sufficient ability to write and articulate his grounds for relief and his speculative assertion regarding the necessity of discovery did not justify a grant of discovery or counsel at that early stage of the case.

To date, Miller has not responded to the OSC. However, he filed an amended petition (ECF No. 7) and renewed his request for counsel (ECF No. 11).

**II.     DISCUSSION**

There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). However, an indigent petitioner seeking habeas relief may request the appointment of counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The court has discretion to appoint counsel when the interests of justice so require. 18 U.S.C.

---

in August 2001; however, the conviction was overturned on direct appeal. *See Miller v. State of Nevada*, Case No. 38802 (Nev. Feb. 18, 2004), Order of Reversal and Remand. The case was reversed and remanded to the district court for a new trial. A second trial resulted in the 2006 judgment of conviction challenged in Miller's petition.

§ 3006A(a)(2). The interests of justice so require "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). In the absence of such circumstances, a request for counsel in a § 2254 proceeding is addressed to the sound discretion of the district court. *Id.* (citing *Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962)).

In his renewed motion, Miller provides a statement of facts supporting his assertion that his case is complex. He represents that his state post-conviction counsel currently possesses nine full boxes of documents on his case. He further states that he graduated high school but has no meaningful knowledge of the law and the substantive and procedural issues in this case are too complex for his comprehension and abilities. Upon review of the amended petition, the Court is persuaded that this case is factually and procedurally complex. The amended petition states multiple cognizable grounds for relief but, like the original petition, this pleading is also unorganized with duplicative allegations and claims. Miller realleges claims that the Court identified as unexhausted in the original petition, yet he did not submit a detailed factual response to the OSC as ordered. (ECF No. 11.)

In addition, the amended petition indicates that Miller will rely in part on medical records and expert testimony to support his habeas claims. In past cases before the Court, inmates have not always been able to effectively review and present their medical records while incarcerated due to departmental restrictions on access, possession, and transmittal of those records by inmates. Such restrictions thus may hinder Miller's ability while proceeding *pro se* to litigate claims based upon medical issues.

Given the nature of Miller's grounds for relief, his failure to respond to the OSC, and his lengthy sentence of two consecutive life sentences without the possibility of parole, the Court finds that appointment of counsel is in the interests of justice.

The Criminal Justice Act, 18 U.S.C. § 3006A, provides that a habeas petitioner must demonstrate financial eligibility in all circumstances where the court appoints counsel. *Id.* § 3006A(a) (counsel "shall be provided for any *financially eligible person*"

(emphasis added)).[3] Although the Court denied his application to proceed *in forma pauperis* ("IFP") based on the amount of money in his inmate trust account and average monthly deposits (ECF No. 4), Miller asserts that his ability to pay the five dollar filing fee does not mean he can afford counsel to litigate this case. The Court agrees. For the purposes of appointing counsel under § 3006A, the Court finds that Miller's IFP application sufficiently demonstrated financial eligibility.

**III. CONCLUSION**

It is therefore ordered Petitioner Clifford Wayne Miller's renewed motion for appointment of counsel (ECF No. 11) is granted.

It is further ordered that the Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Miller or to indicate the office's inability to represent Miller in these proceedings. If the Federal Public Defender is unable to represent Miller, the Court will appoint alternate counsel. The counsel appointed will represent the Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Miller at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or

---

[3] A habeas petitioner must maintain financial eligibility during the entire representation:

> If at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate.

18 U.S.C. § 3006A(c).

4

by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and make informal electronic service of this order upon Respondents by directing a notice of electronic filing to him. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required until further order of the Court.

It is further ordered that the Clerk of Court will send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED THIS 9th day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE