UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLIFFORD W. MILLER,<br><br>    Petitioner,<br> v.<br>STATE OF NEVADA, *et al.*,<br><br>    Respondents. | Case No. 3:19-cv-00673-MMD-WGC<br><br>ORDER |

**I. SUMMARY**

This habeas matter is before the Court on Respondents' Motion to Dismiss ("Motion") (ECF No. 39). For the reasons discussed below, Respondents' Motion is denied without prejudice.

**II. BACKGROUND**[1]

Petitioner Clifford Miller challenges a 2006 judgment of conviction and sentence imposed by the Sixth Judicial Court for Humboldt County ("state court") in this habeas action. *See State of Nevada v. Clifford W. Miller*, Case No. 99-4204. Following a 2001 jury trial, Miller was found guilty of two counts of murder of the first degree with the use of a deadly weapon. (Ex. 125; ECF No. 63-9.) The state court entered a judgment of conviction on October 31, 2001, and sentenced Miller. (*Id.*) Miller appealed, and the Nevada Supreme Court reversed the judgment of conviction and remanded for a new trial. (Ex. 145; ECF No. 64-17.)

On remand, following a jury trial, Miller was found guilty of two counts of murder of the first degree with the use of a deadly weapon. (Ex. 188; ECF No. 70-3.) The state court entered a judgment of conviction on November 13, 2006, and sentenced Miller to life

---

[1]This procedural history is derived from the exhibits located at ECF Nos. 40-75 on the Court's docket.

without the possibility of parole. (*Id.*) The Nevada Supreme Court affirmed the judgment of conviction. (Ex. 220; ECF No. 71-16.) Miller sought post-conviction relief in a state petition for writ of habeas corpus, which the state court denied. (Ex. 248; ECF No. 72-22.) The Nevada Court of Appeals affirmed the denial of relief. (Ex. 266; ECF No. 75-7.)

On November 7, 2019, Miller initiated this federal habeas proceeding *pro se*. (ECF No. 1.) The Court appointed counsel and granted leave to amend the petition. (ECF No. 12.) Petitioner filed a First, Second, and Third Amended Petition for Writ of Habeas Corpus. (ECF Nos. 7, 20, 29.) In the Third Amended Petition, Miller raises six grounds for relief. (ECF No. 29.)

Respondents move to dismiss Grounds 1-4 as unexhausted. (ECF No. 39.) Miller concedes that Grounds 1-4 were not presented to the Nevada state courts, but he argues that they are technically exhausted, and he can overcome the procedural default because his post-conviction counsel was ineffective. (ECF No. 79.)

**III.   DISCUSSION**

    **A. EXHAUSTION**

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. *See* 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *See O'Sullivan*, 526 U.S. at 844-45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a

specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief'." *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (holding fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

## B. TECHNICAL EXHAUSTION AND ANTICIPATORY DEFAULT

Miller acknowledges that Grounds 1-4 were not presented to the state courts but argues the claims are technically exhausted as he can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default. (ECF No. 79.) Miller further argues that Respondents have waived any procedural default defense because they did not specifically raise a procedural default defense in their Motion. (*Id.*) Respondents assert that they did not waive procedural default. They assert that could not specifically set forth a procedural default defense as they did not know the basis of Miller's argument that his claims were technically exhausted nor whether Miller could demonstrate good cause or actual innocence. (ECF No. 82.)

A federal court need not dismiss a claim on exhaustion grounds if it is clear the state court would find the claim procedurally barred. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Where a petitioner has "procedurally defaulted" a claim, federal review is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

"Generally, post-conviction counsel's ineffectiveness does not qualify as cause to excuse a procedural default." *Ramirez v. Ryan*, 937 F.3d 1230, 1241 (9th Cir. 2019) (citing *Coleman*, 501 U.S. at 754-55). However, in *Martinez*, the Supreme Court

created a narrow exception to the general rule that errors of post-conviction counsel cannot provide cause for a procedural default. *See* 566 U.S. at 16-17. "Under *Martinez*, the procedural default of a substantial claim of ineffective assistance of trial counsel is excused, if state law requires that all claims be brought in the initial collateral review proceeding . . . and if in that proceeding there was no counsel or counsel was ineffective." *Ramirez*, 937 F.3d at 1241 (citing *Martinez*, 566 U.S. at 17). Nevada law requires prisoners to raise ineffective assistance of counsel ("IAC") claims for the first time in a state petition seeking post-conviction review, which is the initial collateral review proceeding for the purposes of applying the *Martinez* rule.[2] *See Rodney v. Filson*, 916 F.3d 1254, 1259-60 (9th Cir. 2019).

To establish cause and prejudice to excuse the procedural default of a trial-level IAC claim under *Martinez*, a petitioner must show that:

> (1) post-conviction counsel performed deficiently; (2) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different, and (3) the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Ramirez*, 937 F.3d at 1242 (internal quotation omitted). The first and second "cause" prongs of the *Martinez* test are derived from *Strickland v. Washington*, 466 U.S. 668 (1984). *See Ramirez*, 937 F.3d at 1241. The Court's determination of the second prong— whether there was a reasonable probability that the result of the post-conviction proceedings would be different—"is necessarily connected to the strength of the argument that trial counsel's assistance was ineffective." *Id.* (quoting *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798, 819 (9th Cir. 2015) (en banc)). The third "prejudice" prong directs courts to

---

[2]The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar pursuant to Nevada law. *See Brown v. McDaniel*, 331 P.3d 867, 871-75 (2014) (en banc). Thus, a Nevada habeas petitioner who relies on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred, but that he nonetheless has a potentially viable argument for cause and prejudice under federal law.

assess the merits of the underlying IAC claim. *See id.* A procedural default will not be excused if the underlying IAC claim "is insubstantial," *i.e.*, it lacks merit or is "wholly without factual support." *Id.* (quoting *Martinez*, 566 U.S. at 14-16).

Here, it is clear Miller would face multiple procedural bars if he were to return to state court with his unexhausted claims. *See, e.g.*, NRS §§ 34.726, 34.810. Miller advances only *Martinez* as a basis for excusing the anticipatory default of his ineffective assistance of counsel claims. The Court thus reads Miller's opposition as a concession that the only basis for cause as to any of the unexhausted ineffective assistance of trial counsel claims would be *Martinez*, and will consider said claims technically exhausted on that basis.

Respondents did not waive procedural default by not expressly raising the affirmative defense in their Motion. The defense of procedural default is not waived unless Respondents do not raise it in an answer; a motion to dismiss is not a "responsive pleading" within the meaning of the waiver rule. *Morrison v. Mahoney*, 399 F.3d 1042, 1045-47 (9th Cir. 2005.) Further, the Court did not intend for Respondents to speculate as to what arguments Miller may raise in response to a dispositive motion by ordering them to raise all potential procedural defenses in a single consolidated motion to dismiss. (*See* ECF No. 17.)

Respondents request that the Court defer ruling on whether Grounds 1-4 are procedurally defaulted given the fact-intensive nature of the claims and Petitioner's cause and prejudice arguments. (ECF No. 82 at 4.)  The Court agrees that these questions are inextricably intertwined with the merits of the claims themselves. Accordingly, the Court will defer a determination on whether Miller can demonstrate cause and prejudice until the time of merits determination. The motion to dismiss Grounds 1-4 as procedurally defaulted is denied without prejudice. Respondents may renew the procedural default argument as to these claims in their answer.

It is therefore ordered that Respondents' motion to dismiss (ECF No. 39) is denied.

///

It is furthered ordered that the Court defers consideration of whether Miller can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default of Grounds 1-4 until the time of merits review. Respondents may reassert the procedural default arguments with respect to those claims in their answer.

It is furthered ordered that within 45 days of entry of this order, Respondents must file an answer addressing all claims in the Third Amended Petition and also addressing whether Grounds 1-4 are barred by procedural default under federal law.

It is furthered ordered that Miller will have 45 days from service of the answer within which to file a reply.

DATED THIS 9th Day of November 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE